Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| JORGE ORTIZ JIMÉNEZ Y OTROS<br><br>Apelante<br><br>v.<br><br>HEIDI ISERN *h/n/c* ISERN REALTY Y OTROS<br><br>Apelada | KLAN202500328 | Apelación procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Sobre: Incumplimiento de Contrato<br><br>Caso Núm. CB2024CV00195 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de junio de 2025.

Comparece ante nos la parte apelante, Jorge Ortiz Jiménez, Alba Franco Rodríguez, y la Sociedad Legal de Bienes Gananciales compuesta por ambos, en adelante, parte apelante, y solicitan que revoquemos la *Sentencia Parcial* emitida y notificada el 20 de marzo de 2025 por el Tribunal de Primera Instancia, Sala de Mayagüez. Mediante la misma, el Foro Primario desestimó la demanda a favor de la parte apelada, Haydeé T. Isern Huertas, en adelante, señora Isern Huertas o parte apelada.

Por los fundamentos que expondremos a continuación, se revoca la *Sentencia Parcial* apelada.

**I**

El 27 de marzo de 2024 la parte apelante presentó una demanda por incumplimiento de contrato y cumplimiento específico, en contra de la señora Isern Huertas, Eduardo Rivera Parés, EFRP Development, Inc., Fulano de Tal y Aseguradora ABC.[1] Surge de la demanda que, la señora Isern Huertas fungió como la corredora de

---

[1] Apéndice del recurso, págs. 1-12.

Número Identificador

SEN2025 _____

bienes raíces e intermediaria en un contrato de opción de compraventa para la adquisición de un terreno ubicado en el Barrio Boquerón, en Cabo Rojo. Mediante el referido contrato, el 16 de agosto de 2021, las partes pactaron que el precio de venta del aludido terreno sería de cincuenta y cuatro mil setecientos sesenta y ocho dólares ($54,768.00), la parte apelante pagó un depósito de cinco mil dólares ($5,000.00).[2] Igualmente, pactaron que la firma de la escritura de compraventa se llevaría a cabo en aproximadamente ciento ochenta (180) días. Sin embargo, según se alegó, la señora Isern Huertas ofreció múltiples excusas por la cual no se podía cumplir con lo contratado, venciendo el término acordado.

En el pliego, la parte apelante sostuvo que la señora Isern Huertas lo indujo a rescindir de un contrato válido para hacer uno nuevo. Asimismo, adujo que la parte apelada promocionó el terreno en controversia para la venta, con un precio distinto, a pesar de que el mismo todavía era objeto del contrato de opción de compraventa en cuestión.

Igualmente, en la demanda, la parte apelante arguyó que la señora Isern Huertas, junto a los codemandados, lo indujo a error, mediando dolo en la contratación, al ocultarle información sobre un proyecto llamado *Pelican Coast Boquerón* que afectaba el terreno en controversia. Sostuvo que la parte apelada ocultó información sobre las condiciones de la aludida propiedad. Al actuar de esta manera, la parte apelante señaló que la señora Isern Huertas violentó los incisos (8), (17), (21) y (23) del Artículo 31 de la Ley para Reglamentar el Negocio de Bienes Raíces y la Profesión de Corredor, Vendedor o Empresa de Bienes Raíces en Puerto Rico, Ley Núm. 10 de 26 de abril de 1994, 20 LPRA sec. 3054, en adelante, Ley Núm. 10, así como el principio de la buena fe contractual. En adición,

---

[2] Apéndice del recurso en oposición, págs. 28-29.

adujo que, tanto la parte apelada, como los codemandados, se negaron a cumplir con lo pactado, ocasionándole daños.

Por lo cual, la parte apelante reclamó el cumplimiento específico de lo pactado en el contrato de opción de compraventa y el pago de ciento cincuenta mil dólares ($150,000.00), por concepto de los alegados daños causados por el incumplimiento contractual, entre ellos, la ganancia dejada de devengar por el alquiler de la propiedad que pretendían construir en el terreno, los gastos de cierre del préstamo adquirido, y las angustias mentales ocasionadas.[3] Igualmente, solicitó la imposición de una suma no menor de veinte mil dólares ($20,000.00) en honorarios de abogados y costas del litigio.

Posteriormente, el 20 de agosto de 2024, la parte apelada presentó una *Moción de Desestimación*, bajo el fundamento de que la demanda en su contra dejaba de exponer una reclamación que justificara la concesión de un remedio.[4] En su escrito, la señora Isern Huertas planteó que ella no era parte compareciente en el aludido contrato, ya que su participación se limitó a ser la intermediaria entre las partes contratantes, y que lo anterior, estaba plasmado en el acuerdo. Igualmente, alegó que de la demanda no surgían alegaciones específicas con relación a las violaciones de la Ley Núm. 10, *supra.*

Por su parte, el 4 de septiembre de 2024, la parte apelante presentó su *Oposición a Moción de Desestimación.*[5] En la misma, arguyó que las alegaciones hechas en su demanda eran lo suficientemente específicas para justificar la concesión de un remedio en contra de la parte apelada. Asimismo, reiteró que los hechos expuestos en la demanda eran demostrativos del

---

[3] Apéndice del recurso, pág. 11.
[4] *Íd.*, págs. 32-38.
[5] *Íd.*, págs. 40-45.

comportamiento de la parte apelada en contravención a la Ley Núm. 10, *supra.* Específicamente, insistió en que, ante el incumplimiento con lo pactado, la parte apelada lo indujo a rescindir del contrato de opción de compraventa para poder pactar uno nuevo. Igualmente, recalcó que la parte apelada le ocultó información sobre las condiciones del terreno y del proyecto *Pelican Coast Boquerón,* así como que ofreció a la venta la propiedad en controversia, aunque aún continuaba vigente el referido contrato. Por ello, arguyó que la parte apelada infringió los incisos (8), (17), (21) y (23) del Artículo 31 de la Ley Núm. 10, *supra,* y que el contrato en cuestión no le eximía de responsabilidad por haber incumplido con sus deberes como corredora de bienes raíces.

Luego de evaluado los escritos de las partes, el 8 de enero de 2025, el Tribunal de Primera Instancia emitió una *Sentencia Parcial,* notificada el 13 de enero de 2025, mediante la cual desestimó la demanda a favor de la parte apelada, al concluir que la misma no incluía hechos suficientes que justificaran la concesión de un remedio por parte de esta.[6] En su dictamen, el Foro *a quo* estimó como inconsistentes las alegaciones hechas por la parte apelante en contra de la señora Isern Huertas, así como que las mismas no configuraban una causa de acción legal que pudiera ejercitarse en contra de la parte apelada. Señaló que la demanda contenía "meras alegaciones generales, concluyentes y especulativas, basadas solo [en] la percepción de los hechos por [la parte apelante], que son insuficientes para cumplir con el estándar requerido".[7] Igualmente, añadió que no había un nexo causal probable entre la alegada conducta de la parte apelada y los daños sufridos por la parte apelante, ya que los mismos aparentaban únicamente ser producto del incumplimiento contractual.

---

[6] *Íd.,* págs. 47-57.
[7] *Íd.,* pág. 56.

En desacuerdo, el 28 de enero de 2025, la parte apelante presentó una *Moción de Reconsideración.*[8] En su escrito, arguyó que, al desestimar la acción en contra de la parte apelada, el Foro Primario ignoró la causa de acción relacionada al incumplimiento con la Ley Núm. 10, *supra.* Igualmente, alegó que el Foro apelado se limitó a analizar si la señora Isern Huertas era una parte firmante en el contrato de opción de compraventa, a pesar de haber hecho alegaciones específicamente sobre las gestiones que realizó en calidad de corredora de bienes raíces. Con la oposición de la parte apelada, el 4 de marzo de 2025, el Foro Primario declaró *No Ha Lugar* la *Moción de Reconsideración.*[9]

Tras varios incidentes procesales, el 20 de marzo de 2025, el Tribunal de Primera Instancia emitió y notificó nuevamente la *Sentencia Parcial (Enmendada),* mediante la cual desestimó la demanda a favor de la parte apelada, a los fines de cumplir con la Regla 42.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.3.[10]

Inconforme, el 21 de abril de 2025, la parte apelante compareció ante nos mediante el presente recurso de apelación. En el mismo formula los siguientes señalamientos:

> Erró el Tribunal de Primera Instancia al desestimar la demanda de epígrafe contra la codemandada Haydee Isern a pesar de que las alegaciones justifican la concesión de remedios contra esta en etapa temprana de primera alegación responsiva sin descubrimiento de prueba.

> Erró el Tribunal de Primera Instancia al desestimar la demanda de epígrafe contra la codemandada Haydee Isern en etapa temprana de primera alegación responsiva sin descubrimiento de prueba obviando que existen en la demanda varias causas de acción dirigidas contra esta, incluida una acción al amparo de la Ley de Corredores de Bienes Raíces que es completamente ignorada por el Tribunal de Primera Instancia en la Sentencia recurrida y no solo una causa de acción de incumplimiento contractual.

---

[8] *Íd.*, págs. 58-65.
[9] '*Id.*, pág. 66.
[10] *Íd.*, págs. 68-78.

Erró el Tribunal de Primera Instancia al desestimar en etapa temprana de primera alegación responsiva sin descubrimiento de prueba bajo la premisa de que las alegaciones de la demanda no gozan de la especificidad requerida.

Por su parte, el 8 de mayo de 2025, la parte apelada presentó su oposición al recurso de apelación. En síntesis, arguye que la señora Isern Huertas no era parte contratante en el aludido contrato de opción de compraventa, y que las alegaciones hechas en su contra no eran lo suficientemente específicas.

**II**

**A**

Nuestro estado de derecho reconoce e impulsa el interés de que todo litigante tenga su día en corte. *Rivera et al. v. Superior Pkg., Inc. et al.,* 132 DPR 115, 124 (1992). El empleo de los recursos adjudicativos en nuestra jurisdicción se fundamenta en la política judicial que establece que los casos se ventilen en sus méritos de forma rápida, justa y económica. *Rivera, Lozada v. Universal,* 2024 TSPR 99, 214 DPR ___ (2024); *Mistubish Motors v. Lunor y otros,* 212 DPR 807, 818 (2023); *Mercado Figueroa v. Mun. de San Juan,* 192 DPR 279, 285 (2015); *Amaro González v. First Fed. Savs.,* 132 DPR 1042, 1052 (1993). Considerando eso, la posición doctrinaria en nuestro sistema de ley es salvaguardar, como norma general, el derecho de las partes a su efectivo acceso a los tribunales. *Imp. Vilca, Inc. v. Hogares Creas, Inc.,* 118 DPR 679, 686 (1987). En consecuencia, la desestimación de un pleito, previo a entrar a considerar los argumentos que en el mismo se plantean, constituye el último recurso al cual se debe acudir, luego de que otros mecanismos resulten ser ineficaces en el orden de administrar la justicia. *S.L.G. Sierra v. Rodríguez,* 163 DPR 738, 746 (2005).

Ahora bien, la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2(5), provee para que una parte solicite al foro

competente la desestimación de un pleito incoado en su contra, bajo el fundamento de que la reclamación en controversia no justifica la concesión de un remedio. *Díaz Vázquez y otros v. Colón Peña,* 2024 TSPR 113, 214 DPR ___ (2024); *Blassino, Reyes v. Reyes Blassino,* 2024 TSPR 93, 214 DPR ___ (2024). Esta defensa "no está sujeta a la regla general sobre acumulación y renuncia de defensas" establecida en el ordenamiento procesal, y "puede aducirse en cualquier alegación responsiva, en una moción para que se dicte sentencia por las alegaciones e, incluso, luego de comenzado el juicio". *Conde Cruz v. Resto Rodríguez et al.,* 205 DPR 1043, 1066-1067 (2020). En atención a la política pública antes expuesta, para que el referido mecanismo de desestimación proceda en derecho, presupone que se den por correctos y bien alegados los hechos incluidos en la demanda, así como que los mismos se expongan de forma clara y concluyente, sin que de su faz se desprenda margen alguno a dudas. *Díaz Vázquez y otros v. Colón Peña,* supra; *Blassino, Reyes v. Reyes Blassino,* supra; *Costas Elena y otros v. Magic Sport y otros,* 213 DPR 523, 533 (2024); *Eagle Security v. Efrón Dorado et al.,* 211 DPR 70, 84 (2023); *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, 428 (2008).

De igual forma, la demanda deberá ser interpretada con mayor liberalidad a favor de las alegaciones de la parte demandante, por lo que, recayendo la carga probatoria en el promovente de la moción de desestimación, este viene obligado a demostrar que aquel no tiene derecho a remedio alguno al amparo de los hechos que puedan ser probados en apoyo a su requerimiento. *Díaz Vázquez y otros v. Colón Peña,* supra; *Inmob. Baleares et al v. Benabé et al.,* 2024 TSPR 112, 214 DPR ___ (2024); *Dorante v. Wrangler of P.R.,* 145 DPR 408, 414 (1998). En este supuesto, la función judicial estriba en determinar si, aun resolviendo toda incertidumbre en beneficio de la parte demandante, su demanda es suficiente para

constituir una reclamación válida. *Blassino, Reyes v. Reyes Blassino,* supra; *Pressure Vessels P.R. v. Empire Gas P.R.,* 137 DPR 497, 505 (1994). Por tanto, si el tribunal estima que una demanda no sobrevive un ataque bajo la mencionada Regla, debe desestimarla sin dar paso a más procedimientos. Así, "[d]e determinar que no cumple con el estándar de plausibilidad, el tribunal debe desestimar la demanda y no permitir que una demanda insuficiente proceda bajo el pretexto de que con el descubrimiento pueden probarse las alegaciones conclusorias". R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 307 (6ta Ed. 2017).

**B**

Por su parte, en materia de derecho procesal, la Regla 5.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 5.1, enumera las *alegaciones permitidas* en el ordenamiento vigente, a saber: la demanda, la reconvención, la demanda contra coparte, la demanda contra tercero y sus respectivas contestaciones. A tenor con ello, la Regla 6.1 del referido cuerpo normativo, dispone que toda alegación que exponga una solicitud de remedio debe contener: 1) una relación sucinta y sencilla de los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio, y; 2) una solicitud del remedio a que crea tener derecho. 32 LPRA Ap. V, R. 6.1. De este modo, las aseveraciones en una alegación deben ser sencillas, concisas y directas. De ahí que su redacción no está sujeta a fórmula técnica alguna. 32 LPRA Ap. V, R. 6.5. Lo principal es que, de las alegaciones, la parte demandada pueda estar razonablemente advertido de las reclamaciones que versan en su contra. *Rivera, Lozada v. Universal,* supra; *Ortiz Díaz v. R. & R. Motors Sales Corp.,* 131 DPR 829, 835 (1992).

No obstante, aun cuando el referido deber está revestido de cierto margen de liberalidad, puesto que el precepto aplicable no

exige entera precisión y detalle en la exposición de los argumentos, lo cierto es que el demandante está supuesto a esbozar una relación fáctica suficiente que, tomada como cierta, permita al juzgador inferir la relación entre el demandado y la conducta aducida en su contra. R. Hernández Colón, *Práctica Jurídica de Puerto Rico; Derecho Procesal Civil*, Lexis Nexis de Puerto Rico, Inc., 5ta Edición, 2010, pág. 241. De este modo, "[e]l demandante debe alegar hechos suficientes que eleven su reclamación más allá del nivel especulativo y la empujen a través de la línea de lo 'concebible' a lo 'plausible'." R. Hernández Colón, *supra*, a la pág. 248. Así pues, los términos de la Regla 6.1, *supra*, requieren "que en las alegaciones se aporte una relación de hechos, con el propósito de que las partes y el tribunal puedan apreciar con mayor certeza los eventos medulares de la controversia". Informe de Reglas de Procedimiento Civil, Vol. 1, Diciembre 2007, pág. 70. Además, precisa destacar que la aludida disposición procesal debe entenderse conjuntamente con la Regla 9.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 9.1, que al respecto exige "que el contenido de las alegaciones debe estar basado en el mejor conocimiento, información, y creencia del abogado o de la parte, el cual debe formarse luego de una investigación razonable, que el escrito debe estar bien fundado en los hechos y respaldado por el derecho vigente". *Íd.*

**III**

En el caso ante nos, la parte apelante sostiene que el Tribunal de Primera Instancia erró al desestimar la demanda a favor de la señora Isern Huertas por estimar que no existen alegaciones que justifiquen la concesión de un remedio. Asimismo, aduce que, al proceder de este modo, el Foro *a quo* obvió sus reclamaciones bajo la Ley Núm. 10, *supra.* Por último, señala que el Foro apelado erró al estimar que sus alegaciones no eran lo suficientemente específicas. Habiendo examinado los referidos planteamientos a la

luz de las particularidades del caso, así como el derecho aplicable a la controversia de autos, procedemos a revocar la *Sentencia Parcial* apelada. Por estar relacionados entre sí, procedemos a discutir los primeros dos señalamientos de error en conjunto.

Conforme a la normativa esbozada previamente, existe en nuestro ordenamiento jurídico una política pública que promulga el interés de que todo litigante tenga su día en corte, así como que los casos se ventilen en sus méritos. Por tal razón, ante la presentación de una moción de desestimación que plantee que existe una ausencia de alegaciones en la demanda que justifiquen la concesión de un remedio, el foro adjudicador debe examinar los hechos planteados, tomándolos como ciertos. Si al analizar las mismas de manera liberal a favor del demandante, se desprende que el mismo pudiese tener derecho a algún remedio por sus reclamaciones, la desestimación no procederá.

En el presente caso, la parte apelante alega que sufrió daños, como consecuencia de las infracciones de la señora Isern Huertas a los incisos (8), (17), (21) y (23) del Artículo 31 de la Ley Núm. 10, *supra*. En específico, la parte apelante sostuvo en su demanda que la parte apelada, siendo la corredora de bienes raíces intermediaria en la transacción, le ocultó información relacionada al terreno sujeto al contrato de opción de compraventa. Igualmente, arguyó que la parte apelada lo indujo a rescindir de un contrato válido, y que, a pesar de que el terreno aún era objeto del contrato de opción de compraventa entre las partes, esta ofreció el mismo a la venta.

Al tomar como ciertas las alegaciones de la parte apelante relacionadas al incumplimiento con la Ley Núm. 10, *supra*, es nuestra apreciación que, de estas ser correctas, el comportamiento de la señora Isern Huertas pudiese constituir una conducta antijurídica que ocasionó un daño, y, por consiguiente, la parte apelante podría tener una reclamación que justifique la concesión

de un remedio en contra de la parte apelada. Sin embargo, en su dictamen, el Foro Primario obvió estas reclamaciones, enfocándose únicamente en las alegaciones relacionadas al incumplimiento contractual. De este modo, entendemos que el Tribunal de Primera Instancia erró al desestimar la demanda a favor de la parte demandada.

Por otro lado, en su tercer señalamiento de error, la parte apelante arguye que el Foro *a quo* erró al determinar que sus alegaciones no eran lo suficientemente específicas. Tal cual discutimos anteriormente, nuestro estado de derecho requiere que toda alegación solicitando un remedio, contenga hechos demostrativos de que posee un derecho a lo reclamado. De igual forma, las alegaciones deben estar redactadas de manera sencilla, concisa y directa, de manera en que surja el nexo causal entre la parte demandada y la conducta antijurídica. Asimismo, resulta menester recordar que nuestro ordenamiento jurídico no exige una fórmula técnica para exponer las alegaciones en la demanda. Lo esencial consiste en que la parte demandada pueda quedar razonablemente advertido de las reclamaciones en su contra. Por tanto, las mismas deben ser evaluadas de manera liberal, a favor del reclamante.

En el caso ante nos, surge de la *Sentencia Parcial* apelada que el Tribunal de Primera Instancia estimó como generales y especulativas las alegaciones de la parte apelante. Asimismo, el Foro Primario concluyó que estas eran insuficientes para cumplir con el estándar requerido, lo que le impedía determinar que existiese la posibilidad de conceder el remedio solicitado. No obstante, luego de un examen sosegado del expediente que obra en autos, justipreciamos que las alegaciones de la parte apelante gozan de la especificidad requerida por nuestro ordenamiento jurídico.

De ser correctas las alegaciones de la parte apelante, consideramos que estas exponen de manera sencilla, concisa y directa que, como consecuencia de las alegadas infracciones a la Ley Núm. 10, *supra,* de la señora Isern Huertas, estos sufrieron un daño. Igualmente, entendemos que las alegaciones cumplen su función de advertir a la parte contraria de las reclamaciones que versan en su contra. En adición, es nuestra apreciación que las mismas no descansan en meras especulaciones, sino que están basadas en hechos razonablemente creíbles que, de ser probados, pudieran dar paso a la indemnización solicitada.

Así, a raíz de lo expuesto, revocamos la *Sentencia Parcial* apelada del Tribunal de Primera Instancia, dejando sin efecto la misma.

**IV**

Por los fundamentos que anteceden, se revoca la *Sentencia Parcial* apelada, ello a tenor con lo dispuesto por este Foro.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones